**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:

| | |
|---|---|
| **PEDRO RIVERA SANTIAGO** | CASE NO. **26-01756-ESL** **CHAPTER 13** |
| DEBTOR(S) | |

## TRUSTEE'S REPORT ON CONFIRMATION

| | |
|---|---|
| The applicable commitment period is | : 5 years. |
| The liquidation value of the estate is | : $ To be determined. |
| The general unsecured pool is | : $ To be determined. |

| | |
|---|---|
| Plan date: 07-10-2026, docket no. 24 | Plan base $21,000.00 |

**TRUSTEE'S RECOMMENDATION DATED: 10-22-2026.**

**UNFAVORABLE REPORT**

**FEASIBILITY 11 USC § 1325(a)(6):**

a. The last payment received in the case was on 08-11-2026 (72 days ago). Debtor has $1,050.00 in arrears under proposed plan; Equivalent to three (3) installments.
b. Plan proposes assumption of auto lease with Popular Auto. According to the creditor, debtor has only made 3 out of 5 post-petition installments

**FAILS LIQUIDATION VALUE TEST § 1325(a)(4):**

a. The sworn statement related Homestead exemptions need to be filed as an informative motion with the Court.
b. Amend Schedule C to indicate that the real property is debtor's principal residence.
c. Amend Schedule A/B to disclose account with Baxter Credit Union. Debtor stated he has approximately $10,000 in that account which he obtained from the sale of a truck in 2026. Debtor is to provide copy of the BCU statement as of petition date to verify the amount debtor had at that time.

d. Liquidation value hinges on debtor's donation of construction equipment and material (woods) that he had. He thinks the transfer took place in 2004. He indicated the equipment and wood donated. Debtor needs to include it in the SOFA, with a detail of all that was transferred and its value. Also, the SOFA needs to disclose complete name of transferee, debtor's son-in-law and his address. Debtor stated value of the equipment and materials was from $10,000 to $11,000. He stated his daughter and son-in-law are building a house and they needed this equipment and materials. Debtor needs to provide a document with a detail of all the equipment and materials donated, which will be evaluated for a possible tolling agreement. Debtor was explained at the meeting of creditors the purpose of the tolling agreement.
e. Amended Schedule A/B only disclose one bank account at COOP San Jose with $0.00 balance. Debtor(s) is(are) asked to provide copy of bank statement showing balance as of petition date.
f. Liquidation value also hinges on debtor's donation of his inheritance interest to a sister-heir. Debtor needs to disclose transfer of his interest to a sister. Debtor stated his father died in 2023 and left a real property in Aibonito. Debtor stated he and his other heirs left their interest to a daughter. This needs to be listed in Schedule A/B. Debtor stated no deed was done for the transfer. Debtor thinks it is registered in the name of debtor's paternal grandparents. Property has 2 bedroom and 1 bathroom. Debtor stated he thinks it is 800 square meter lot. Trustee reserves the right to request additional information.
g. Debtor stated that he has a non-collectible account receivable of around $60,000 from a construction work. Debtor stated that the company that owed him the money filed bankruptcy case. This account receivable needs to be included in Schedule A/B.
h. Plan needs to include a provision that if debtor collects the accounts receivable during the life of the plan, those proceeds will be tendered to the plan and plan's base will be deemed increased with such proceeds automatically.

**ISSUES SECTION (Tax returns), §1325(a)(9):**

a. IRS tax returns: Debtor provided a copy of the 2023 and 2024 federal tax returns, however, evidence of its filing with the IRS has not been provided.

**ISSUES OF DISPOSABLE INCOME, Section 1325(b)(1):**

a. Debtor is asked to provide copy of bank statements at COOP San Jose from February 2026 through April 2026. Debtor deposits in this account his business income. This is important to verify the income disclosed in the SCMI.

**OTHER:**

a. Debtor to inform on the record through an informative motion, if the mailing address included in the voluntary petition is correct. This is asked because debtor alleged at the meeting of creditors that he has not received the notice sent to him by the Bankruptcy Court, to his mailing address, containing the meeting of creditors' date, as well as other important deadlines and information.
b. Amend the SOFA to disclose donation of equipment and materials to daughter and son-in-law. Debtor needs to disclose transfer of his interest to a sister. Debtor stated his father died in 2023 and left a real property in Aibonito. Debtor stated he and his other heirs left their interest to a daughter. This needs to be listed in Schedule A/B. Debtor stated no deed was done for the transfer. Debtor thinks it is registered in the name of debtor's paternal grandparents. Property has 2 bedroom and 1 bathroom. Debtor stated he thinks it is 800 square meter lot. Trustee reserves the right to request additional information.
c. Amend the SOFA to disclose sale of truck in 2026, with all relevant details.
d. Debtor needs to disclose transfer of his interest to a sister. Debtor stated his father died in 2023 and left a real property in Aibonito. Debtor stated he and his other heirs left their interest to a daughter. This needs to be listed in Schedule A/B. Debtor stated no deed was done for the transfer.
e. Provide evidence of the second plan payment. Debtor stated it will be paid shortly.

<u>NOTICE: This report anticipates Trustee's position as per 11 USC § 1302(b)(2) a copy of which has been served upon counsel for debtor(s). Copies are available to parties in interest at the Trustee's Office.</u>

Attorney: Nydia Gonzalez Ortiz, Esq.

**OSMARIE NAVARRO MARTINEZ**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500
support@ch13sju.com

By: **/s/MIRIAM SALWEN ACOSTA**
MIRIAM SALWEN ACOSTA
Staff Attorney
USDC-PR # 208910
msalwen@ch13sju.com
Tel.:(787)977-3500 Ext.237
CMC-WGV